### Daniel Anderson et al. v. Ole Carlson et al.

1. MECHANICS' LIENS—*Illegality of the Builder's Contract as a Defense.*—The fact that a building in the city of Chicago is not in all respects erected in strict compliance with the provisions of the ordinances relating to such matters, does not in this case deprive the builder of his remedy under the law relating to mechanics' liens.

2. CONTRACTS—*Burden of Proving an Illegal Consideration.*—A party who alleges as a reason for not fulfilling his promise that such promise was based upon an illegal consideration has upon him the burden of proving such allegations.

Mechanics' Liens.—Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed January 21, 1902.

GEORGE W. WILBUR, attorney for appellants.

DENEEN & HAMILL, attorneys for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Appellant says, "The main question for the consideration of the court is whether or not appellees can recover upon

a contract which is in violation of the ordinances of the city of Chicago. Such ordinances are as binding upon all the parties, as if they were a matter of statutory regulation." And " The specifications are not in accordance with the ordinance as to flues, although the plans, if they had been carried out, would have met such requirements, because they provide for flue linings. The evidence shows, however, that the words ' flue linings' were put upon the plans by the architect, not with the expectation of inserting linings in the flues, but for the purpose of enabling the contractor to obtain a permit more easily from the building department."

Whoever alleges as a reason for not fulfilling his promise that it was based upon an illegal or immoral consideration has upon him the burden of proving such allegations. Douthart, ex'r, etc., v. Condon, 98 Ill. App. 487.

It is conceded that the plans were in accordance with the ordinance. Such being the case a contract to build in accordance with the plans was not a contract to violate the law.

Whatever may have been the design of the architect or his expectation as to "flue linings, " the written contract was not invalid; and by virtue of the statute, appellees, so soon as it was made, became possessed of a mechanic's lien upon the property to which it applied.

It does not appear that appellants in entering into the contract knew of the ordinance, and consequently it can not be presumed that in entering into it they intended to disobey the law. The presumption of knowledge of the law does not go so far as to raise a presumption that one in merely entering into a valid contract intends to act illegally in carrying it out. Waugh v. Morris, L. R., 8 Q. B. 202–208.

It does appear that in the doing of the work the flue linings were not such as are required by the ordinances of the city, and that to make these linings correspond with the requirements of the ordinance would cost $15.

It is said that by a change made in the plans by the city commissioner of buildings, a certain wall was required to

be twelve inches in thickness, instead of nine inches as provided by the contract; and that the wall as built is but nine inches in thickness.

Appellee testified that his attention was not called to this change; nevertheless the court allowed to appellants a deduction of $75 from the sum that by the certificates of the architect appears to be due; such $75 being what it would cost to make the said wall twelve inches thick and the flue linings such as the city ordinance requires. That the nine-inch wall was in violation of the city ordinance does not appear. The existence of ordinances must be proven and this is not accomplished by the mere pleading of them.

It is insisted that the trial court had no jurisdiction to enter a decree in this cause because this court had not jurisdiction to entertain the appeal taken from an order entered March 2, 1896, dismissing the petition.

The objection to the jurisdiction of this court is based upon the insistence that the bond given in attempted compliance with the order of the Circuit Court allowing an appeal was not such as the order required.

If the bond was insufficient, appellants, appellees in that appeal, should have here appeared and moved to dismiss the appeal. Sec. 69 of Chap. 110, R. S., provides that no appeal to this court shall be dismissed by reason of informality or insufficiency of the appeal bond, if the party taking the appeal will, within a reasonable time to be fixed by the court, file a good and sufficient bond to be approved by the court.

This court had jurisdiction of the subject-matter and the parties, and its judgment is *res judicata* in this cause as to all matters before it on such appeal; this includes the sufficiency of the notice of lien filed by petitioner.

As to the merits of the controversy, the doing of the work as agreed, the certificate of the architect was, by the contract, made final and binding. It does not appear that the certificates given by him were mistakenly or fraudulently issued; they consequently are conclusive, however much he

McGuire v. Gilbert.

may have erred in judgment or however unskillful he may
have been. The cause seems to have been tried and dis-
posed of in accordance with equitable principles. The
decree of the Circuit Court is affirmed.